```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BLUEFIELD
```

ISABELITA DEMESA,
Administratrix of Estate
and Personal Representative
of JOSE DEMESA,

    Plaintiff,

v.                                                   Civil Action No: 1:11-0881

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant

## MEMORANDUM OPINION

    This action is seeking review of the final decision of the Commissioner of Social Security, who denied plaintiff's application for disability insurance benefits ("DIB") on behalf of her deceased husband.  By Standing Order, this case was referred to United States Magistrate Judge R. Clarke VanDervort to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  On August 30, 2013, Magistrate Judge VanDervort issued his Proposed Findings & Recommendation ("PF&R") in this matter.  Judge VanDervort recommended that the court affirm the final decision of the Commissioner and dismiss this matter from the court's docket.  (Doc. No. 17).  Under 28 U.S.C. § 636(b)(1)(B), the parties had fourteen days, plus three

mailing days, from the date of the filing of the PF&R to file objections. On September 23, 2013, plaintiff timely filed her objections to the PF&R. (Doc. No. 18).

## I.  Procedural Background

Plaintiff, Isabelita Demesa, filed an application for DIB on behalf of her husband, Jose Demesa, on April 30, 2004, under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. Plaintiff alleged her husband was disabled as of December 31, 1991. (Tr. At 100-02). This claim was denied initially and upon reconsideration. (Tr. at 66-69, 72-74). Plaintiff requested and received a hearing before an Administrative Law Judge (ALJ) held on November 15, 2005. (Tr. at 33-57). The ALJ determined that Mr. Demesa was not entitled to DIB. (Tr. at 14-20). The Appeals Council subsequently denied plaintiff's request for review on October 11, 2007, thereby making the decision the final decision of the Commissioner. (Tr. at 6-8). Plaintiff sought judicial review of the administrative decision on December 7, 2007. This court, upon the recommendation of Magistrate Judge VanDervort, remanded the matter to the Commissioner for further consideration on October 24, 2008. Another administrative hearing was held, and a different ALJ determined that Mr. Demesa was not disabled. (Tr. 372-380). Plaintiff again sought judicial review, giving rise to the present action. (Doc. No. 1).

A detailed factual description of Mr. Demesa's ailments and alleged disability can be found in the PF&R (Doc. No. 17) and in the ALJ's decision (Tr. at 372-380). These descriptions adequately and faithfully summarize the factual information in the entire record making it unnecessary to detail the medical evidence once more.

## II. Standards of Review

The court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Social Security Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

Particularly relevant to this case is the standard of reviewing a magistrate judge's proposed findings and

3

recommendations. A party that disputes a PF&R "may serve and file specific written objections to the [PF&R]." Fed. R. Civ. P. 72(b)(2) (emphasis added). This court is required to make a de novo determination of any part of the magistrate judge's PF&R that has been properly objected to. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1)(C). Any portion of the magistrate judge's PF&R that has not been properly objected to is reviewed only for clear error, if at all. Compare Fed. R. Civ. P. 72 advisory committee notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."), with Thomas v. Arn, 474 U.S. 140, 149-52 (1985) ("Petitioner first argues that a failure to object waives only de novo review, and that the district judge must still review the magistrate's report under some lesser standard. However, § 636(b)(1)(C) simply does not provide for such review.").

### III. Discussion

The document filed by plaintiff entitled "Plaintiff's Objections to the Magistrate Judge's Proposed Findings and Recommendations" (Doc. No. 18) is virtually a verbatim copy of the previously filed "Brief in Support of Plaintiff's Complaint" (Doc. No. 14). The exact same arguments are made. Indeed,

several typos remain in the document. The only addition worth noting is a section at the end entitled "Objections to the Magistrate Judges (sic) Finding and Recommendations of September 4, 2013." (Doc. No. 18 at 17-20). This section is simply a restatement of the previous 17 pages, adding nothing new to the "objections." Plaintiff asserts that the magistrate judge adopted the ALJ's findings in their entirety, and therefore "all objections made above to [the ALJ's] findings are also applicable as objections to [the PF&R]." (Doc. No. 18 at 18). Stated briefly, plaintiff is unsatisfied with the PF&R and seeks re-argument of the entire case under the label of objecting.

This type of general objection lacks the requisite specificity, and therefore fails to satisfy the requirements of Rule 72(b) and 28 U.S.C. § 636(b)(1)(C). As stated by the Sixth Circuit:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

5

Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).[1] By essentially copying and pasting her earlier brief, plaintiff has failed to properly object to the PF&R. See Veney v. Astrue, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008) ("Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection 'make[es] the initial reference to the magistrate useless.'"). As such, plaintiff is only entitled to a review of the record and PF&R for clear error. Having reviewed the PF&R and the face of the record only for clear error, the court has found none.

Plaintiff apparently misunderstands the role of the district court when reviewing the final decision of the Commissioner. This court, and therefore the magistrate judge,

---

[1] Not to belabor the point, the Fourth Circuit agrees:

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review the issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

does not "adopt" the ALJ's findings. The court simply determines whether the ALJ's findings are supported by substantial evidence. A district court may disagree with an ALJ. That does not permit the court to reverse the ALJ's findings when there is "more than a mere scintilla of evidence" to support them. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). By making the general argument that substantial evidence does not support the ALJ's decision and offering contrary evidence from the record, plaintiff is asking this court to reweigh the evidence. Even if plaintiff satisfied the specificity requirement, that is not the role of this court.

Accordingly, for the reasons stated above, the court **OVERRULES** plaintiff's objections to Magistrate Judge VanDervort's PF&R. The court adopts the factual and legal analysis contained within the PF&R, **DENIES** Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 14), **GRANTS** Defendant's Motion for Judgment on the Pleadings (Doc. No. 16), **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this matter from the court's active docket.[2]

The Clerk is directed to forward a copy of this Memorandum Opinion to counsel of record.

**IT IS SO ORDERED** on this 27th day of September, 2013.

---

[2] The court notes that a de novo review would likely yield the same result given the record evidence.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge